**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 11 2013, 10:04 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK K. PHILLIPS**
Boonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DARVIN McCALLISTER,             )
                                )
    Appellant-Defendant,         )
                                )
        vs.                )       No. 87A05-1208-CR-443
                                )
STATE OF INDIANA,               )
                                )
    Appellee-Plaintiff.          )

APPEAL FROM THE WARRICK CIRCUIT COURT
The Honorable David O. Kelley, Judge
Cause Nos. 87C01-1201-FD-36 and 87C02-1201-FD-49

**March 11, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Following his pleas of guilty pursuant to a written sentencing agreement to possession of methamphetamine[1] and possession of a controlled substance,[2] each as a Class D felony, Darvin McCallister appeals the trial court's order denying his motion to set aside his guilty pleas, contending the trial court erred in denying his motion and that such error constitutes a manifest injustice. We affirm.

On March 26, 2012, McCallister pleaded guilty to possession of methamphetamine and possession of a controlled substance, and the written sentencing agreement ("Sentencing Agreement") signed by McCallister, his attorney, and the deputy prosecutor was accepted by the trial court. The Sentencing Agreement provided that McCallister was pleading guilty to both charges as Class D felonies, that a related misdemeanor charge would be dismissed, and that the court would enter consecutive sentences of eighteen months, suspended to probation, on each of the convictions.

Following his sentencing pursuant to the Sentencing Agreement, McCallister filed his motion to set aside his guilty pleas claiming that the Sentencing Agreement tendered by the State and signed by him and his attorney did not reflect the parties' agreement regarding his plea and the sentence which was to be imposed. Specifically, he claimed that the prosecutor agreed that, in exchange for his plea of guilty to possession of methamphetamine, the State would dismiss the second felony charge and that McCallister would have the opportunity to request the trial court to exercise its statutory discretion to sentence him as a misdemeanant. He further claimed that he signed the Sentencing

---

[1] *See* Ind. Code § 35-48-4-6.1.

[2] *See* Ind. Code § 35-48-4-7.

2

Agreement without reading it. The trial court denied McCallister's motion, and this appeal ensued.

Our review of this appeal begins with Indiana Code section 35-35-1-4(c), which governs motions to withdraw guilty pleas after a sentence is imposed. The section provides:

> After being sentenced following a plea of guilty, or guilty but mentally ill at the time of the crime, the convicted person may not as a matter of right withdraw the plea. However, upon motion of the convicted person, the court shall vacate the judgment and allow the withdrawal whenever the convicted person proves that withdrawal is necessary to correct a manifest injustice. . . . For purposes of this section, withdrawal of the plea is necessary to correct a manifest injustice whenever:
> > (1) the convicted person was denied the effective assistance of counsel;
> > (2) the plea was not entered or ratified by the convicted person;
> > (3) the plea was not knowingly and voluntarily made;
> > (4) the prosecuting attorney failed to abide by the terms of a plea agreement; or
> > (5) the plea and judgment of conviction are void or voidable for any other reason.
> The motion to vacate the judgment and withdraw the plea need not allege, and it need not be proved, that the convicted person is innocent of the crime charged or that he has a valid defense.

A trial court's ruling on a motion to withdraw a guilty plea "arrives in this court with a presumption in favor of the ruling." *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001). We will reverse the trial court only for an abuse of discretion. *Id.* In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at the guilty plea hearing to decide whether the plea was offered "freely and knowingly." *Id.*

3

The transcript of McCallister's guilty plea hearing discloses the following:

1.    That McCallister and his attorney were both in attendance. *Guilty Plea Tr.* at 2, 4.

2.    That the trial court clearly informed both McCallister and his attorney that the Sentencing Agreement provided that McCallister would plead guilty to the two possession charges. *Id.* at 4.

3.    That McCallister was "going to be convicted as a felon." *Id.*

4.    That McCallister was going to be sentenced to eighteen months suspended to probation on both cases. *Id.*

5.    That "Both of these cases are Class D felonies." *Id.* at 6.

6.    That the sentencing range for a Class D felony was six months to three years. *Id.*

7.    That the Sentencing Agreement provided that the sentence would be eighteen months. *Id.*

8.    That there was a sufficient factual basis for McCallister's pleas. *Id.* at 7.

9.    That McCallister's guilty plea was his "own free and voluntary act." *Id.* at 8.

10    That the trial court accepted McCallister's pleas. *Id.* at 9.

11.   That the court accepted the Sentencing Agreement. *Id.*

12.   That the court found McCallister guilty of possession of methamphetamine and possession of a controlled substance *"both as a Class D Felony."* *Id.*

13.   That at no time during the hearing did either McCallister or his lawyer voice any objection or say or do anything to indicate that they did not agree with the express terms of the Sentencing Agreement that was tendered to and accepted by the trial court.

On April 23, 2012, the trial court held its sentencing hearing. Again, McCallister and his counsel appeared. Again, the trial court informed the parties that McCallister had

4

entered guilty pleas to both possession charges as Class D felonies and had filed a Sentencing Agreement that provided for "an eighteen month sentence in each case to be served consecutively and suspended to reporting probation." *Sentencing Hr'g Tr.* at 3. The trial court then sentenced McCallister as provided in the Sentencing Agreement. *Id.* at 4. Again, at no time during the sentencing did either McCallister or his lawyer voice any objection. Indeed, the trial court specifically inquired of McCallister's lawyer if the sentence it imposed was what was negotiated in the Sentencing Agreement. He replied that it was. *Id.*

McCallister has failed to show that the trial court abused its discretion and has similarly failed to demonstrate manifest injustice in the trial court's denial of his motion to set aside his guilty pleas. Accordingly, we affirm the trial court's order.

Affirmed.

MATHIAS, J. and CRONE, J., concur.